IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02269-BNB

DENNIS LEON SMITH, a People,

    Plaintiff,

v.

LARRY PORTER, Public Minister,

    Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the Letter Plaintiff Dennis Leon Smith filed with the Court on January 20, 2006. In the Letter, Mr. Smith asserts the same claim he alleged in the Complaint that he filed with the Court on November 9, 2005. In the Letter, Plaintiff contends that the Court lacks jurisdiction to consider the claims he raises against Defendant Larry Porter. To the extent that Plaintiff is attempting to challenge the dismissal of the Complaint, the Court will construe the Letter as a Motion to Reconsider.

The Complaint was dismissed on January 10, 2006, without prejudice for failure to file a properly completed Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $250.00 filing fee. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P.

60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**, 486 U.S. 517, 521-22 (1988); **In re Durability, Inc.**, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." **Sherr v. Sierra Trading Corp.**, 492 F.2d 971, 978 (10th Cir. 1974). The order filed on January 10, 2006, dismissed the Complaint and action without prejudice for Plaintiff's failure either to pay the filing fee or to submit a Motion and Affidavit. The Motion to Reconsider was filed on January 20, 2006. Plaintiff has filed the Motion within ten days of the final judgment in the instant action. **See** Fed. R. Civ. P. 6(a). Therefore, the Motion properly is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in a complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). **Van Skiver**, 952 F.2d at 1244. Upon consideration of the entire file, the Court finds and concludes that Mr. Smith fails to

demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

    ORDERED that the January 20, 2006, Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

    DATED at Denver, Colorado, this __8__ day of ____Feb.____, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02269-OES

Dennis Leon Smith
c/o Passport Ministries
Box 114
Campo, CO 81029

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/15/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk